UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

Elizabeth Carrington )(
      Plaintiff, )(
       )(
v. )(     CIVIL ACTION NO. 4:16-CV-02808
Ccarmax Business Services d/b/a Carmax )(
Auto Finance )(
      Defendant )(

## SECOND AMENDED COMPLAINT OF PLAINTIFF ELIZABETH CARRINGTON a/k/a CANDY MASHBURN

COMES NOW ELIZABETH CARRINGTON a/k/a CANDY MASHBURN, PLAINTIFF in the above styled and numbered cause of action and files this her First Amended Complaint against Carmax Business Services, LLC d/b/a Carmax Auto Finance.

## PARTIES

1.    The Plaintiff is an individual who resides and did reside in Harris County, Texas at all relevant times.

2.    Defendant, Carmax Business Services, LLC d/b/a Carmax Auto Finance is, upon information and belief, a corporation doing business in Texas, and has Filed an Original Answer in this case and may be served by serving their attorney of record, Sabrina A. Neff; Hughes, Waters, & Askanase, L.L.P.; Total Plaza, 1201 Louisiana St. 28th Floor, Houston, TX 77002; Telephone 713-759-0818; FAX 713-759-6834.

## JURISDICTION

3.    The court has jurisdiction over Defendants because they do business in Houston, Texas. This case involves a federal question.

4.     The Plaintiff is not currently seeking a total of more than the sum or value of $80,000.00, exclusive of interest and costs. However, the Plaintiff reserves the right to increase or decrease the maximum amount sought depending on the results of Plaintiff's ongoing investigation into Carmax's pattern and practice of engaging in illegal debt collection practices.

## VENUE

5.     Venue is proper in Harris County because it is the county of residence of Plaintiff.

## FACTUAL ALLEGATIONS

6.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor.

8.     In or around August 2014, Defendant began constantly and consistently placing telephone calls to Plaintiff in an attempt to collect an alleged debt.

9.     Defendant places telephone calls to Plaintiff on Plaintiff's cellular telephone at 832-458-97XX.

10.    Defendant places telephone calls from numbers including, but not limited to, 678-594-4800.

11.    Based upon the timing and frequency of Defendant's calls and per its prior business practices, each collection call placed by Defendant to Plaintiff was placed using an automatic telephone dialing system.

12.    On or about August 8, 2014, Plaintiff spoke to Defendant's representative in a telephone conversation.

13.    During the course of the telephone conversation on or about August 8, 2014, Plaintiff requested that Defendant cease placing calls to her cellular telephone.

14.     Plaintiff revoked any consent, either explicitly or implicitly, to receive automated telephone calls from Defendant on her cellular telephone on or about August 8, 2014.

15.     Despite Plaintiff's request to cease, Defendant placed at least fifty three (53) collection calls to Plaintiff on her cellular telephone after consent was revoked.

16.     Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, and /or emotional distress.

## CAUSE OF ACTION

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 et seq. against Defendant

17.     Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully stated herein.

18.     At all times relevant to this Petition, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(39) and a subscriber to cellular telephone services within the United States.

19.     At all times relevant to this complaint, the Defendants have used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

20.     Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every

21.     Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## REQUEST FOR DISCLOSURE

22.     Pursuant to Rule 194 the Defendants are requested to disclose the information or material described in Rule 194.2.

## PRAYER FOR RELIEF

23.     For these reasons, the Plaintiff asks that the Defendant be cited to appear and answer, and that the Plaintiff have judgment for damages within the jurisdictional limits of the court and against the Defendants, jointly and severally, as legally applicable, for:

a)     Statutory damages for $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

b)     Statutory damages of $1,500.00 for each and every knowing and/or will full violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

c)     All court costs, witness fees and other fees incurred; and

d)     Any other relief that this Honorable Court deems appropriate.

Respectfully submitted

**THE MASTRIANI LAW FIRM**
BY:____/s/ John V. Mastriani_____
**JOHN V. MASTRIANI**
State Bar Number 13184375
**CHRISTOPHER M. THORNHILL**
State Bar Number 24059030
**WARREN E. LEE**
State Bar Number 12148080

PO Box 460174
Houston, Texas 77056
(713) 665-1777 Telephone
(713) 665-2777 Facsimile
service@mastrianilaw.com
**Attorney for Elazabeth Carrington a/k/a Candy Mashburn**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Texas (Houston Division) by using the CM/ECF system on December 16, 2016 .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

_____/s/_John V. Mastriani_____

John V. Mastriani